FILED
SUPERIOR COURT
OF GUAM

2020 MAY -5 PM 2: 27

CLERK OF COURT

By:_____ CMA

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL., | **Superior Court Case No. CV0426-18** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER RE PLAINTIFFS' MOTION TO CORRECT MISTAKES UNDER GRCP 60(b)(1)** |
| FRANCIS GILL, ET AL., | |
| Defendants. | |

This Court here considers Plaintiffs' Motion to Correct Mistakes Under GRCP 60(b)(1). Plaintiffs ask the Court to correct its October 3, 2019 Decision and Order re Defendants' Motion for Partial Summary Judgment to reflect summary judgment in favor of Defendant Cyfred, Ltd. only and to set aside summary judgment on Plaintiffs' Fourth Count

Under Rule 60(b)(1), a court may amend an order due to mistake, inadvertence, surprise, or excusable neglect. Plaintiffs argue it was a "mistake of fact or law to grant [Mr. Gill] summary judgment" and to grant Defendants summary judgment on Plaintiffs' Fourth Count. Mot. Correct at 4, 6 (Feb. 18, 2020). By premising their Rule 60(b)(1) motion upon mistake, the Court can only provide relief if it finds it "has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

Plaintiffs first contend the Court made a procedural error by granting summary judgment in Mr. Gill's favor as Mr. Gill did not appear in the case until February 21, 2019--after Cyfred filed its motion. If one defendant is granted a motion for summary judgment, a court may *sua sponte* enter summary judgment in favor of nonmoving additional defendants "if the motion

raised by the first defendant is equally effective in barring the claim against the other defendants, and the plaintiff had an adequate opportunity to argue in opposition to the motion." *Colan v. Cutler–Hammer, Inc.*, 812 F.2d 357, 360 n. 2 (7th Cir.), *cert. denied*, 484 U.S. 820 (1987).

The Court finds that it did not make a substantive mistake of law or fact in relation to granting summary judgment in Mr. Gill's favor. The Court first notes that Mr. Gill joined Defendants' Reply to their Motion for Partial Summary Judgment. Plaintiffs were aware that he joined and could have objected at the hearing on the motion. Second, having reviewed the relevant briefs, the Court finds both Defendants and Plaintiffs extensively argue about Mr. Gill's role in the litigation and thus, Defendants' Motion was effective in addressing claims against Mr. Gill. Plaintiffs had ample opportunity to argue what they are arguing now--for example, that Mr. Gill made his March 14 promise as an individual with no relation to Cyfred. Reply at 4, 6 (Mar. 31, 2020). That argument could have easily countered Defendants' allegation in their motion that all of Plaintiffs' claims had been released. Mot. Partial Summ. J. at 2 (Jan. 22, 2019).

Moreover, if Plaintiffs hoped to hold Mr. Gill personally liable for his March 14 promise, they should have alleged a separate cause of action. "A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice." *Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 251 Cal. Rptr. 859, 863 (Cal. App. 1988); *see also Kern v. Gleason*, 840 S.W.2d 730, 736 (Tex. App. 1992) (holding that although "a corporate entity may be the alter ego of an individual or the individual may be the alter ego of the corporation, these facts do not create a separate cause of action against the

corporation or the individual."). As drafted, Plaintiffs' Fourth Count seeks to hold Mr. Gill liable for Cyfred's obligations under the Settlement Agreement because "Cyfred has been the alter ego of Francis Gill; and Francis Gill has been its alter ego" and therefore "Francis Gill and/or Cyfred are jointly and severally liable...." Second Am. Compl. ¶¶ 7, 81, 86 (Aug. 27, 2019). If Mr. Gill's promise had nothing to do with the parties' settlement agreement, as Plaintiffs are now attempting to allege, they should have pleaded it as a separate cause of action not based on an alter ego theory.

Plaintiffs similarly argue that the Court made a second procedural mistake: Defendants did not move for summary judgment on Plaintiffs' Fourth Count and therefore the Court should not have granted them summary judgment on it. However, right off the bat, Defendants' Motion for Partial Summary Judgment makes clear that they sought summary judgment on all counts except for "any issues relative to attorney fees for subsequent consideration by the Court." Mot. Partial Summ. J. at 2. Plaintiffs acknowledged that "[Defendants] contended that all claims in this action have been released...In any event, as indicated in Section II above, the facts show that [Plaintiffs'] claims against Cyfred, including their breach of contract claims against it, were not released...." Opp'n Mot. Partial Summ. J. at 10 (Feb. 19, 2019).

Though Defendants' may not have expressly discussed how the March 14 promise applied in a breach of contract context, it did argue all the claims had been released and both parties discussed the March 14 promise at length throughout their briefs. "[C]ourts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Lujan v. Quinata*, 2014 Guam 20 ¶ 24 (quotations omitted). Plaintiffs were therefore on notice to produce all of their evidence to refute Defendants' allegations. Accordingly, the Court finds that it made

neither a mistake of law or fact in granting Defendants summary judgment on Plaintiffs' Fourth Count.

In conclusion, the Court DENIES Plaintiffs' Motion.[1]

SO ORDERED this 5th day of May 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill
Stephanie Mendiola, *pro se*

---

[1] Plaintiffs also argue that in light of the Court's alleged mistakes in its October 3, 2019 Decision and Order, the fraud defenses originally asserted by Defendants that the Court dismissed as moot are still ripe. Because the Court finds it did not make a mistake, it declines to address this argument.